UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LINDA ANN MORTON                                   CIVIL ACTION

VERSUS                                             NO. 15-4435

SOCIAL SECURITY ADMINISTRATION                     SECTION "J" (3)

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("SSA").   The matter has been fully briefed on cross-motions for summary judgment and is ripe for review.   For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.      BACKGROUND

Plaintiff filed an application for DIB and SSI on July 21, 2010, alleging a disability onset date of June 28, 2006. (Adm. Rec. at 13, 359-61, 367-71).[1]  Plaintiff alleged disability due to fibromyalgia, carpal tunnel syndrome, high blood pressure, and depression.   (*Id.* at 421).   Plaintiff, born on November 29, 1953, was 52 years old on the date on which she alleged disability and 60 years old at the time of the final administrative decision.   (*Id.* at 199).   Plaintiff has a high-school education.   (*Id.* at 422).   Plaintiff has past work experience as a cafeteria monitor, cash attendant, floor manager, kitchen helper, and receptionist.   (*Id.*).

Defendant initially denied plaintiff's application on January 20, 2011. (*Id.* at 136-66).

---

[1]      Plaintiff originally alleged an onset date of September 21, 2003 but later amended that date to June 28, 2006.   (*Id.* at 13).

Plaintiff sought an administrative hearing, which defendant held on September 15, 2011. (*Id.* at 99-135).   After the administrative hearing, on November 16, 2011, the Administrative Law Judge ("ALJ") denied plaintiff's application for DIB and SSI.   (*Id.* at 170-79).   Plaintiff appealed, and the Appeals Council remanded the case to the ALJ for consideration of a medical opinion that had been received after the November decision, to obtain additional evidence, and to further evaluate plaintiff's subjective complaints.   (*Id.* at 186-88).

On remand, the ALJ held another administrative hearing.   (*Id.* at 26-42). Plaintiff, a vocational expert ("VE"), a Dr. Younger, David Brown, M.D., and Kwell Amusa, M.D. testified at the hearing. (*Id.*).   The ALJ held a further hearing on February 26, 2014, at which plaintiff, a VE, Thomas J. Meunier, and Brown testified. (*Id.* at 33-64).

On March 28, 2014, the ALJ issued a decision in which she found that plaintiff had not been disabled since June 28, 2006. (*Id.* at 13-24).   In the decision, the ALJ concluded that plaintiff has the severe impairments of fibromyalgia, GERD and gastrointestinal disorders, carpal tunnel syndrome bilaterally, obesity, and coronary artery disease.   (*Id.* at 16).   The ALJ held that plaintiff does not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations.   (*Id.* at 17).   The ALJ found that plaintiff retains the residual functional capacity ("RFC") to perform sedentary work activity as defined in 20 C.F.R. § 404.1567(a) except that she can: lift/carry 20 pounds occasionally and 10 pounds frequently; stand and walk 2 hours of 8; sit for 6 hours of 8 for 1 ½ -hour periods before needing to adjust; frequently use her hands bilaterally for both gross and fine manipulation but must avoid forceful repetitive use of the hands such as with levers and gripping tools; must be allowed to wear flexible wrist braces during the day as needed; must avoid concentrated exposure to extremes of heat and

cold; must avoid even moderate exposure to dusts, gases, fumes, odors, and aerosolized sprays; and must avoid even moderate exposure to hazards such as heights and moving machinery. (*Id.* at 18). The ALJ concluded that plaintiff can perform her past relevant work as a receptionist because this work does not require the performance of the work-related activities precluded by her RFC. (*Id.* at 23). The ALJ thus denied plaintiff DIB and SSI. (*Id.* at 24).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. (*Id.* at 7-8). On July 22, 2015, the Appeals Council denied plaintiff's request. (*Id.* at 1-6). Plaintiff then timely filed this civil action.

## II.   STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir.

2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.   *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts.   *Carey,* 230 F.3d at 135.   Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.   *Ripley*, 67 F.3d at 555.   Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.   *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III.   ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).   A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but can not, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be

hired if he applied for work.   42 U.S.C. § 1382a(3)(B).    The Commissioner has promulgated

regulations that provide procedures for evaluating a claim and determining disability.   20 C.F.R.

§§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).    The regulations include a

five-step evaluation process for determining whether an impairment prevents a person from

engaging in any substantial gainful activity.    *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*,

38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step

procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any
> substantial gainful activity by reason of any medically determinable physical or
> mental impairment which can be expected to result in death or which has lasted or
> can be expected to last for a continuous period of not less than 12 months." To
> determine whether a claimant is disabled, and thus entitled to disability benefits, a
> five-step analysis is employed. First, the claimant must not be presently working at
> any substantial gainful activity. Second, the claimant must have an impairment or
> combination of impairments that are severe. An impairment or combination of
> impairments is "severe" if it "significantly limits [a claimant's] physical or mental
> ability to do basic work activities." Third, the claimant's impairment must meet or
> equal an impairment listed in the appendix to the regulations. Fourth, the
> impairment must prevent the claimant from returning to his past relevant work.
> Fifth, the impairment must prevent the claimant from doing any relevant work,
> considering the claimant's residual functional capacity, age, education and past
> work experience. At steps one through four, the burden of proof rests upon the
> claimant to show he is disabled. If the claimant acquits this responsibility, at step
> five the burden shifts to the Commissioner to show that there is other gainful
> employment the claimant is capable of performing in spite of his existing
> impairments. If the Commissioner meets this burden, the claimant must then prove
> he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).   If the

ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must

establish that the claimant has a "residual functional capacity," given the claimant's age, education,

and past work experience, to perform other work available in the national economy.   *Leggett v.*

5

*Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).   Step V also requires the Commissioner to use the medical-vocational guidelines to make her disability determination.   *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history.   *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence."   *Id*.

**IV.    ISSUES ON APPEAL**

There are two issues on appeal:

(1)    Whether the ALJ erred when she failed to find plaintiff disabled for a closed period of disability.

(2)    Whether the ALJ erred when she filed to consider plaintiff's capacity to obtain and to maintain employment.

**V.    ANALYSIS**

**1.    Whether the ALJ erred when she failed to find plaintiff disabled for a closed period of disability.**

While pointing the Court to no record evidence, plaintiff contends that the ALJ erred when she concluded that plaintiff was not disabled "at any time though the date of th[e] decision."   She maintains that the ALJ should have at least considered whether one of her impairments had been expected to last for a continuous period of at least 12 months.   What the 12 months were, the Court can only divine as plaintiff points to no time period during which the evidence supports that she was disabled.

The ALJ properly recognized that in order for an individual to be considered disabled, that individual must meet the "duration requirement."   (Adm. Rec. at 15).   The SSA defines a

"disability" as an inability ". . . to engage in any substantial gainful activity by reason of any medically determinable physical . . . impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. §§ 404.1509 & 416.909 (stating that unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months; we call this the duration requirement). The 12-month duration requirement is a threshold requirement for the claimant to prove disability under the SSA. *See Johnson v. Bowen*, 864 F.2d 340, 346 (5th Cir. 1988); *Pate v. Heckler*, 777 F.2d 1023, 1026 (5th Cir. 1985).

As noted above, plaintiff contends that the ALJ erred in failing to evaluate whether she had a disability for a closed period of time. Plaintiff has the burden of proving her disability. *See Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Yet plaintiff has failed to point out any consecutive 12-month period when she was incapable of performing any substantial gainful activity. As can be gleaned from the Court's opening paragraph to this section, plaintiff has not developed her argument enough to state the dates that comprised the closed period, nor to cite to any medical evidence that supports a closed period of disability. Poorly organized, unclear arguments are waived due to inadequate briefing. *Perez v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005); *see Foster v. Townsley*, 243 F.3d 210, 212 n. 1 (5th Cir. 2001) (holding that issues inadequately briefed are deemed waived).   This argument fails.

**2.     Whether the ALJ erred when she filed to consider plaintiff's capacity to obtain and to maintain employment.**

The regulations provide that a finding that plaintiff can perform work on a regular and continuing basis is inherent in an RFC assessment. 20 C.F.R. §§ 404.1545(b) & 416.945(b). The regulations provide that to determine an individual's RFC, the ALJ will assess the nature and extent

of the individual's limitations and will determine the claimant's RFC for work activity "on a regular and continuing basis." 20 C.F.R. §§ 404.1545(b)-(c) & 416.945(b)-(c). Social Security Ruling ("SSR") 96-8p emphasizes that the RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a "regular and continuing basis." A regular and continuing basis means "8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p; *see also, e.g.,* SSR 86-8, "Titles II and XVI: The Sequential Evaluation Process" (stating that an RFC "must be defined in terms of the claimant's ability to function in a work setting"; evaluation of physical abilities indicates "maximum RFC for sustained activity on a regular basis."). Consequently, an RFC assessment is a finding that a claimant can sustain work activity at the determined level. Thus, for the reasons outlined below and for the lack of record evidence, the Court finds that plaintiff has failed to demonstrate that substantial evidence does not support the ALJ's RFC finding, and that implicit in that finding is the determination that plaintiff can maintain and sustain work at that level.

The Court can not credit plaintiff's argument that the ALJ erred in not assessing her ability to maintain employment. Plaintiff argues that her symptoms "wax and wane," but she cites to no evidence to any impairment actually "waxing and waning." See Pl.'s Br. at 4-5. In fact, she cites to no evidence at all to support her argument. *See id.* There was nothing insufficient about the ALJ's RFC analysis as plaintiff failed to present evidence of an impairment with limitations that wax and wane in disabling symptoms.   Again, plaintiff has failed to meet her burden of proof. *See Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009) (holding that the burden of showing that an error is harmful falls on the party attacking the Commissioner's decision).

Plaintiff cites the Court to *Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002). However, as

plaintiff actually appears to concede (Pl.'s Br. at 6-7), subsequent to the *Watson* case, the Fifth Circuit has held that an affirmative finding that a claimant can both obtain and maintain employment is only needed in very limited circumstances, specifically only when "the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms." *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003) (holding that in order to support a finding of disability, the claimant's intermittently recurring symptoms must be of sufficient frequency or severity to prevent the claiming from holding a job for a significant period of time); *see also Dunbar v. Barnhart*, 330 F.3d 670, 671 (5th Cir. 2003) (finding that absent evidence that ability to maintain employment was compromised, or that the ALJ did not appreciate that the ability to perform work on a regular and continuing basis is inherent in the definition of RFC, a specific finding regarding ability to maintain employment is not required). Here, and as repeatedly noted above, plaintiff has not identified to the Court any evidence of the waxing or waning of an impairment, and neither does she indicate what evidence she relies on to support her claim. Plaintiff simply argues that the "record in this matter demonstrates" that she has "mental and physical conditions that 'wax and wane.'" That is simply not enough to carry her burden of proof.   She does not specify what that evidence is and how it rises to the level anticipated by *Frank*. *See Perez*, 415 F.3d at 465 (finding that evidence of "good days and bad days" does not rise to the level anticipated by *Frank*, so as to require a finding of an ability to maintain employment). Here, plaintiff does not identify so much as one piece of evidence to support her argument, *i.e.*, she fails to specify which condition she believes to "wax and wane" or to demonstrate how that impairment causes limitations that wax and wane. The Court finds that this attempt to show an impairment requiring a specific finding of ability to both obtain and maintain employment fails.

The Court can only conclude that substantial evidence supports the ALJ's finding that the medical evidence did not support plaintiff's allegations concerning the intensity, persistence, and limiting effects of her impairments. (Adm. Rec. at 22). The record does not establish a condition that waxes and wanes in its manifestation of disabling symptoms – and plaintiff has failed to cite the Court to any – such that plaintiff can work only in short periods of time.

Accordingly, The Court finds that the record does not substantiate plaintiff's claim of debilitating symptoms that wax and wane. The ALJ properly gave great weight to State Agency Medical Consultant Brown, who testified at the hearing. (*Id.*). His findings are the basis for the RFC. (*Id.* at 22, 49-60, 71-81). Plaintiff's unsubstantiated argument regarding her inability to maintain employment is without merit.

## VI.   CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.   *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 15th day of September, 2016.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**